NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN MARCHETTI, | No. 16-16678 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05523-WHO |
| v. | |
| SUPERIOR COURT OF CALIFORNIA, a public entity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted December 7, 2017[**]
San Francisco, California

Before: M. SMITH and IKUTA, Circuit Judges, and MCAULIFFE,[***] District
Judge.

Kathleen Marchetti appeals the district court's dismissal of her suit asserting

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Steven J. McAuliffe, United States District Judge for
the District of New Hampshire, sitting by designation.

federal and state law claims arising from state court proceedings.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Marchetti's complaint seeks, in substance, to vacate a default judgment entered against her in the San Francisco Superior Court.  Marchetti failed to appear to contest a traffic citation related to operation of her unregistered vehicle.  As a result, her driver's license was suspended and fines were assessed.  She was entitled to file a "Petition to Vacate Civil Assessment," or seek a trial de novo on the underlying traffic infraction, but only within twenty (20) days from the date on which the Notice of Civil Assessment was mailed.  See S.F. Super. Ct. Local Rule 17.1.  She did not do so.  Instead, she sought such review nearly eight months later.  However, the state court deemed the matter closed.  Marchetti then sought relief in federal court.

The district court dismissed Marchetti's suit on a number of grounds, including that it was barred by the Rooker-Feldman doctrine.  See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  We review de novo a district court's dismissal under the Rooker-Feldman doctrine.  Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).  It is readily apparent that if Marchetti's federal suit is allowed to proceed, her complaint would function as a de facto appeal of the prior state court judgment, in which she would raise issues "inextricably intertwined" with that judgment.  See Cooper v. Ramos, 704

F.3d 772, 782 (9th Cir. 2012) (concluding that, where federal adjudication of a claim "would impermissibly 'undercut the state ruling' on the same issues," plaintiff's claim was "inextricably intertwined" with the state court's decision (quoting Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003)); see also Henrichs v. Valley View Dev., 474 F.3d 609, 616 (9th Cir. 2007) (explaining that the Rooker-Feldman doctrine barred plaintiff's claim because the alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

Marchetti argues on appeal that her suit is not barred by Rooker-Feldman because, inter alia, she is asserting a facial constitutional challenge to the limited notice provisions of San Francisco Superior Court Local Rule 17.1. The complaint, however, does not adequately allege a general, facial challenge to the constitutionality of Local Rule 17.1. Instead, Marchetti's complaint is focused on the Superior Court's application of Local Rule 17.1 to her case, and why that application to her case denied her due process. That is, her claim is that the state court got it wrong and she should be relieved of the default judgment's effects. Accordingly, the suit is barred by Rooker-Feldman.

**AFFIRMED**.

16-16678